JAMES STEWART & CO. v. FULTON et al.

(Circuit Court of Appeals, Fifth Circuit. February 7, 1911.)

No. 2,108.

WORK AND LABOR (§ 14*)—EFFECT OF CONTRACT—ACTION FOR SERVICES—SPECIAL CONTRACT.

When there is an express contract for services, and for a stipulated amount and mode of compensation, the plaintiff cannot abandon the contract, and resort to an action for a quantum meruit on an implied assumpsit; nor can he take all advantages of the contract, and at the same time claim for services clearly within its scope.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 29–33; Dec. Dig. § 14.*]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Action at law by James Stewart & Co. against John H. Fulton and others, liquidators, etc. Judgment for defendants, and plaintiffs bring error. Affirmed.

Edgar H. Farrar and Abraham Goldberg, for plaintiffs in error. R. J. Schwarz, W. S. Lewis, and Edwin T. Merrick, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The plaintiff sues to recover for services rendered under a special contract. While he avers that they were extra services, he does not show, nor in fact claim, that they were extra in the sense of being other than the exact kind the contract called for.

When there is an express contract for a stipulated amount and mode of compensation and services, as is shown in this case, the plaintiff cannot abandon the contract and resort to an action for a quantum

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

meruit on an implied assumpsit. See 2 Bouv. Law Dict. verbo "Quantum meruit."

Still less can he take all the advantages of the special contract, and at the same time claim for services clearly within the scope of it.

The judgment of the Circuit Court is affirmed.